# In the United States Court of Federal Claims

No. 12-498

(November 29, 2012)

(Not for publication)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
IVAN L. MENDEZ,                     *
                                    *
        Plaintiff,                  *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
        Defendant.                  *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff alleges civil rights claims, citing 42 U.S.C. §§ 1983 and 1985 (2006) and Bivens v. Six Unknown Federal Agents Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Compl. 1. Specifically, Plaintiff alleges: "[a] widely spread plot murder set up conspiracy against of all of the old white American cowgirls and cowboys [also called the old white red necks] living everywhere in all over this country of America, their country, as you know it too all about it." Compl. 1. Plaintiff states that his requested relief is "the same as always."[1] Compl. 1. Because the Court lacks subject-matter jurisdiction, the Court dismisses the complaint.

---

[1] Plaintiff has filed numerous complaints in federal courts. See, e.g., Mendez v. Connected Wired Members, et al., No. CV 11-7758-JFW, 2011 U.S. Dist. LEXIS 148816 (C.D. Cal. Dec. 27, 2011) (dismissing plaintiff's claims of a plot to kill him as irrational and frivolous); Mendez v. Washington D.C., No. 07-455-JJF, 2007 WL 2828746, at *1 (D. Del. Sept. 26, 2007) (noting that plaintiff is "a frequent filer in this District" and dismissing plaintiff's complaint as frivolous and for failure to state a claim); Mendez v. One of Connected Wired Members of a Big Int'l Criminal Org., No. 10-cv-01427-BNB, 2010 WL 3036481, (D. Colo. Aug. 3, 2010) (dismissing plaintiffs' complaint for failure to cure pleading deficiencies and for failure to

1

## Background

On August 8, 2012, Plaintiff, acting pro se, filed the instant action.[2] In his handwritten complaint, Plaintiff names as defendants "[t]he connected wired members of this criminal organization, the connected wired members [of] the United States and all of the . . . other connected wired members of this criminal organization, et al," Compl. 1, as well as the United Nations, Asia, and Africa. Compl. 6, 7, 10.

On October 2, 2012, Defendant moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. Plaintiff has not filed any response to Defendant's motion.

## Discussion

Plaintiff bears the burden of establishing subject-matter jurisdiction. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); see also Naskar v. United States, 82 Fed. Cl. 319, 320 (2008); Fullard v. United States, 78 Fed. Cl. 294, 299 (2007). "[C]omplaints drafted by pro se litigants are held to 'less stringent standards than formal pleadings drafted by lawyers.'" Naskar, 82 Fed. Cl. at 320 (citation omitted); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003). While pro se plaintiffs are afforded leniency, this status does not relieve them of the requirement to establish the Court's subject-matter jurisdiction. Tindle, 56 Fed. Cl. at 341 ("The fact that plaintiff is proceeding pro se . . . does not change the ultimate legal standard and plaintiff's burden of proof on subject matter jurisdiction."). Furthermore, "the court has no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard, 78 Fed. Cl. at 299; see also Akinro v. United States, 91 Fed. Cl. 650, 653 (2010).

When deciding a motion to dismiss based on lack of subject-matter jurisdiction, the Court must accept as true all factual allegations made by the plaintiff and construe all reasonable inferences from those facts in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Naskar, 82 Fed. Cl. at 320. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); Tindle, 56 Fed. Cl. at 341.

Here, the Court lacks subject-matter jurisdiction for two reasons. First, Plaintiff's complaint alleges civil rights claims which may only be brought in the district courts. See Willis v. United States, 96 Fed. Cl. 467, 470 (2011) ("It is well-settled that jurisdiction for civil rights claims, including section 1985 claims, lies exclusively in the district courts; not in the Court of Federal Claims."); Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010) (holding the Court lacks jurisdiction over a claim arising under § 1983); Brown v. United States, 105 F.3d. 621, 624 (Fed. Cir. 1997) (holding the Court lacks jurisdiction over Bivens claims because the "Court of

---

prosecute); Mendez v. United States, No. 04-833 (Fed Cl. May 27, 2004) (dismissing plaintiff's complaint sua sponte for lack of subject-matter jurisdiction).

[2] Plaintiff submitted additional documentation to the Court, restating some claims in his complaint.

2

Federal Claims [has] jurisdiction over suits against the United States, not against individual federal officials.").

Second, Plaintiff does not name the United States as a defendant. To the extent Plaintiff's complaint may be construed to allege claims against officers of the United States -- "the connected wired members [of] the United States" -- such claims do not fall within this Court's jurisdiction. Compl. 1; see Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The United States is not liable for the actions of nonfederal parties who are not agents of the United States. See Vlahakis v. United States, 215 Ct. Cl. 1018, 1018 (1978); see also Fullard, 78 Fed. Cl. at 300-01. As such, allegations against nonfederal entities and individuals, such as the United Nations and unspecified "wired, connected soldiers," must be dismissed. Compl. 1, 6. Moreover, Plaintiff has not alleged any facts that would attribute the named Defendants' conduct to the United States or bring their conduct within this Court's jurisdiction.

## Conclusion

Defendant's motion to dismiss this action for lack of jurisdiction is **GRANTED**.

**MARY ELLEN COSTER WILLIAMS**
**Judge**

3